Charles E. JOHNSON, Charles A. Hunter, Rodger W. Osborne, and Thomas L. Wells, individually and on behalf of all others similarly situated, Appellees,

v.

Mark A. LEVINE, Commissioner, Division of Correction, Maryland Department of Public Safety and Correctional Services; Ralph L. Williams, Warden, Maryland House of Correction; Robert J. Lally, Secretary, Department of Public Safety and Correctional Services; and Marvin Mandel, Governor of the State of Maryland, Appellants.

Warren C. NELSON, Earl A. Curreri, Carl Jackson, Prisoners of the Maryland Penitentiary, on behalf of themselves and all others similarly situated, Appellants,

v.

George H. COLLINS, Warden, Maryland Penitentiary; Mary Lou Bartram, Superintendent, Maryland Reception Diagnostic and Classification Center; Mark A. Levine, Commissioner, Maryland Division of Correction; Robert J. Lally, Secretary, Maryland Department of Public Safety and Correctional Services; Henry P. Turner, Chairman, Maryland Parole Commission; Marvin Mandel, Governor of the State of Maryland; McLindsey Hawkins, Assistant Warden, Maryland Penitentiary; Sigmund Fine, Assistant Warden, Maryland Penitentiary; Maryland Division of Correction; Louis Goldstein, Member, Board of Public Works; William S. James, Member, Board of Public Works; D. J. Smith, Sergeant, Maryland Penitentiary, sued individually and in their official capacities, Appellees.

Charles E. JOHNSON, Charles A. Hunter, Rodger W. Osborne, and Thomas L.

Wells, individually and on behalf of all others similarly situated, Appellants,

v.

Mark A. LEVINE, Commissioner, Division of Correction; Maryland Department of Public Safety and Correctional Services; Ralph L. Williams, Warden, Maryland House of Correction; Robert J. Lally, Secretary, Department of Public Safety and Correctional Services; and Marvin Mandel, Governor of the State of Maryland, Appellees.

Warren C. NELSON, Earl A. Curreri, Carl Jackson, Prisoners of Maryland Penitentiary, on behalf of themselves and all others similarly situated, Appellees,

v.

George H. COLLINS, Warden, Maryland Penitentiary; Mary Lou Bartram, Superintendent, Maryland Reception Diagnostic and Classification Center; Mark A. Levine, Commissioner, Maryland Division of Correction; Robert J. Lally, Secretary, Maryland Department of Public Safety and Correctional Services; Henry P. Turner, Chairman, Maryland Parole Commission; Marvin Mandel, Governor of the State of Maryland; McLindsey Hawkins, Assistant Warden, Maryland Penitentiary; Sigmund Fine, Assistant Warden, Maryland Penitentiary; Maryland Division of Correction; Louis Goldstein, Member, Board of Public Works; William S. James, Member, Board of Public Works; D. J. Smith, Sergeant, Maryland Penitentiary, sued individually and in their official capacities, Appellants.

Nos. 78–6416 to 78–6419.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 14, 1978.

Decided Dec. 13, 1978.

Stephen B. Caplis, Asst. Atty. Gen., George A. Nilson, Deputy Atty. Gen., Baltimore, Md. (Francis B. Burch, Atty. Gen. of Maryland and Clarence W. Sharp, Chief, Criminal Division, Asst. Atty. Gen., Baltimore, Md., on brief), for appellants.

Nevette Steele, Jr., Baltimore, Md. (Whiteford, Taylor, Preston, Trimble & Johnston, Baltimore, Md., on brief), Richard L. North, Baltimore, Md. (Mary S. Elcano, Lawrence B. Coshnear, Sandra D. Boteler, Legal Aid Bureau, Inc., Richard G. Fishman, Keystone Legal Services, Baltimore, Md., on brief), Paul D. Bekman, Baltimore, Md. (Kaplan, Heyman, Greenberg, Engleman & Belgrad, P.A., Baltimore, Md., on brief), for appellees.

Before HAYNSWORTH, Chief Judge, and WINTER, BUTZNER, RUSSELL, WIDENER, HALL, and PHILLIPS, Circuit Judges, sitting En Banc.

PER CURIAM:

These are appeals and cross-appeals from decisions of the District Court of Maryland in which it was concluded that the conditions in two penal institutions in Maryland were in violation of the Eighth Amendment's command against cruel and unusual punishment. *Johnson v. Levine,* 450 F.Supp. 648 (D.Md.1978); *Nelson v. Collins,* 455 F.Supp. 727 (D.Md.1978).

In *Hite v. Leeke,* 564 F.2d 670 (4th Cir. 1977), we held that "double-celling," the housing of two prisoners in a cell initially designed for single occupancy, was not itself a violation of the Constitution. It, of course, may be a relevant factor when other consequences of overcrowding create deprivations or impose unusual restrictions and disadvantages upon the prison population.

In their opinions, the district judges placed great emphasis upon "double-celling," which was extensive in both institutions, but other deprivations were also shown. The "double-celling" was clearly a consequence of overcrowding, and the overcrowding had other consequences. The physical and personnel resources of both institutions were taxed. The overcrowding limited opportunities for recreation, for instruction and rehabilitation, complicated the maintenance of sanitation, required meal service in three separate shifts and probably contributed to a high level of violence and psychological injury to some prisoners. The medical facilities and staffs were also overtaxed, and on cross-appeals there is a complaint that medical care itself was constitutionally deficient. With the elimination of substantial overcrowding, however, the deficiencies of the medical facilities, staffs and services will be diminished.

Under the totality of all of the circumstances, we conclude that the district judges properly found a constitutional violation warranting judicial direction that the overcrowding be eliminated. Overcrowding, with all of its consequences, can reach

such proportions that the impact of the aggregate effect amounts to cruel and unusual punishment. We believe that the district judges reasonably found that the point had been reached here. Hence, we affirm the entry of injunctive relief directed to elimination of the overcrowded conditions, and the denial of injunctive relief directed to specific areas of alleged deficiencies such as medical care.

The district judges directed accelerating steps for the elimination of overcrowding by April 1, 1979. Maryland, however, has come forward with a detailed plan involving the construction of a new facility, incorporating the previous planned conversion of another, and the early release of prisoners thought appropriate for release which will accomplish the objective of elimination of overcrowded conditions by June 1, 1980.

The district judges imposed a short compliance timetable. It was appropriate, of course, to emphasize the fact that the situation was serious, and to require that remedial steps should be undertaken promptly. The release of prisoners properly subject to parole may proceed apace, but we are convinced that the overcrowded conditions cannot be completely eliminated without the construction and utilization of a new facility, which Maryland proposes to have available by June 1, 1980. Since the constitutional violation here is not as extreme or as shocking as in some of the reported cases, and since Maryland's plan is practical and reasonable and will achieve the required objective of elimination of overcrowding in its penal institutions, we think its plan and its schedule deserve judicial approval.

In addition to the claims respecting the general prison populations, in *Johnson* the court found the conditions of imprisonment in the Special Confinement Area, a section housing mentally disturbed prisoners, were so severe they constituted cruel and unusual punishment. The judge ordered the SCA closed as soon as the inmates could be moved to state mental institutions. In *Nelson* the court found extended confinement in the punitive isolation unit violated the Eighth Amendment. The judge imposed limitations on the use of the cells. We affirm these findings of constitutional deprivation and the grant of appropriate relief.

The findings of constitutional overcrowding are affirmed. The decree in *Johnson,* insofar as it affects the Special Confinement Area, and the decree in *Nelson,* insofar as it deals with punitive isolation, are both affirmed. The denial of specific relief in other respects is affirmed. The cases are remanded to the district court with instructions to fashion new decrees which will incorporate Maryland's plan and its schedule for the elimination of overcrowding in the two penal institutions.

Judge Russell and Judge Widener dissent from the conclusion that a deficiency of constitutional proportion was shown. They reserve the right later to file an opinion expressing their views.

*AFFIRMED IN PART AND REMANDED.*