## CIRCUIT COURT OF THE CITY OF RICHMOND

Nathaniel Johnson

v.

Commonwealth of Virginia

January 11, 1988

Case No. LK-1170-1

By JUDGE MELVIN R. HUGHES, JR.

As you know, this case involves plaintiff's claims for damages for false imprisonment and denial of due process and equal protection.

Plaintiff was convicted in the City of Petersburg Circuit Court in 1973 of malicious wounding and attempted murder. Prior to trial, plaintiff's sanity had been questioned, and he was held in Central State Hospital for approximately one year before being adjudged competent to stand trial. Upon conviction the Judge (as best this Court can determine and according to the parties' briefs) deferred sentencing for fifteen years upon good behavior and committed plaintiff back to Central State Hospital, pursuant to § 19.1-234 (1973), Code of Virginia of 1950, as amended. Thereafter, plaintiff remained at Central State Hospital until his release in May, 1985.

The essence of plaintiff's claim is that he was never provided any hearings reviewing his continued commitment, which, he argues, violates § 37.1-67 (1976). He

maintains that this code section was and is intended to apply to convicts who are committed to hospitals for the insane as well as anyone else, and that such hearings are necessary in order to comply with due process. These assertions appear to be fairly supported by the opinion in *Evans v. Paderick*, 443 F. Supp. 583 (E.D. Va. 1977).

## Other Lawsuits Brought By Plaintiff

Before his release in May, 1985, in late 1984, plaintiff filed in Federal Court a 42 U.S.C. § 1983 suit against certain officials of Central State Hospital. In early 1985 while the federal case was pending, he also filed a habeas corpus petition in the Petersburg Circuit Court. The instant case was filed on May 9, 1986.

Each of these suits sought relief for essentially the same alleged wrongs. In this suit, however, unlike the federal suit, plaintiff has agreed that only the Commonwealth is a proper defendant as opposed to individual officials, because the relief is sought pursuant to the Virginia Tort Claims Act (VTCA), § 8.01-195.1, et seq.

The habeas action was decided first. The Petersburg Court held that the commitment review procedures of Va. Code Section 37.1-67.3 do not apply to persons committed under Section 19.1-234 and that the hospital officials had acted properly.

In the Federal District Court case, summary judgment was awarded to the defendant officials on August 21, 1985. The court held that, in light of the Petersburg ruling and the Supreme Court decision in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), the defendants were entitled to qualified good faith immunity from suit in their individual capacity for damages. The court found that the defendants "acted in good faith with a reasonable reliance on a judicial order." On appeal, the Fourth Circuit Court of Appeals affirmed.

## The Issue Of Res Judicata

In the instant case, the Commonwealth has asserted a number of grounds for dismissal of the motion for judgment. Although not dispositive of the Commonwealth's motions, the issue of res judicata relied on by defendants

raises questions of the interplay of the rule and a state statute.

The merits of plaintiff's claim were addressed in the Petersburg habeas case. However, Va. Code § 8.01-663 prevents a habeas judgment from being conclusive in a subsequent action for false imprisonment. The Virginia Supreme Court has construed the § 8.01-663 provision that habeas judgments are conclusive to mean that issues cannot be relitigated in subsequent habeas petitions absent a change in circumstances. *Hawks v. Cox*, 211 Va. 91 (1970). Therefore, the exception to relitigating matters in an action for false imprisonment must be an exception to the rule of issue preclusion. The decision in the Petersburg case is not a bar to the present action.

Nor is the decision in the federal case a bar. The Commonwealth was not a defendant in the federal case. Plaintiff could not have obtained damages from the Commonwealth in federal court due to the Eleventh Amendment. The VTCA does not waive the Commonwealth's immunity in federal court. *See* Va. Code § 8.01-195.4; *McConnell v. Adams*, 289 F.2d 1319 (4th Cir. 1987). While the doctrine of res judicata applies to the question of the individual defendants' immunity, the question of the Commonwealth's liability is still an open one since the federal court's decision did not reach the merits of plaintiff's claim. Plaintiff correctly notes that the individual defendants could have violated his constitutional rights and still have qualified for good faith immunity. *McElveen v. County of Prince William*, 725 F.2d 954 (4th Cir. 1984). Their good faith reliance on a court order is not necessarily determinative of the issues raised in this suit against the Commonwealth. Also while plaintiff could have litigated the entire matter in state court rather than splitting his cause of action between defendants in state and federal court and the courts do have an interest in judicial economy, the Court finds that this interest should not act as a bar to plaintiff's claim in this case.

## *The Virginia Tort Claims Act*

Turning to the elements of the case which are dispositive, it is noted that the Commonwealth has also alleged that plaintiff failed to give proper notice of his claim

within one year of accrual of his cause of action. Va. Code Section 8.01-195.6 requires a written statement of the nature of the claim to be filed with the Attorney General, and § 8.01-195.7 bars any claim cognizable under the VTCA unless notice pursuant to § 8.01-195.6 is properly filed.

Plaintiff argues he complied with the notice requirement by filing the federal action against the individual defendants on or about December 27, 1984. The Court finds, however, that whatever notice was provided by the federal lawsuit did not serve the purposes of the notice provision in § 8.01-195.6. The provision is designed to give the Commonwealth advance notice that a person may file a claim against it under the VTCA. The filing of the federal Section 1983 suit did not evince this intent on plaintiff's part. Also, the record indicates that the Commonwealth was not named as a defendant in the federal case. Thus, strictly speaking, plaintiff did not file his alleged notice (the federal complaint) with the Attorney General, but instead with the officials of Central State Hospital named as defendants, individually. This approach is not provided for in § 8.01-195.6 and not in keeping with the procedure outlined by the Commonwealth waiving its immunity in cases under the VTCA.

More fundamentally, the Court finds that plaintiff's claim is of a type exempted from recovery under the VTCA. Section 8.01-195.3(4) exempts "[a]ny claim based upon an act or omission of an officer, agent or employee of any agency of government in the execution of a lawful order of any court." In essence, plaintiff claims that the hospital officials maintained his confinement without providing him periodic hearings, in violation of his rights. According to the Fourth Circuit's opinion, the officials sought and received clarification from the Petersburg Circuit Court of the authority by which plaintiff was confined, and they regularly reported plaintiff's mental status to the court. It appears their action was in compliance with a court order. The court also finds that the Petersburg Court's order was "lawful" in that the Court was not clearly without jurisdiction to make it. § 8.01-195.3(4) seems intended to preclude a litigant from attacking a court's statutory interpretation in a previous case.

Therefore, the Commonwealth's demurrer for failure to state a claim upon which relief may be granted is sustained, without leave to amend.