914 F.2d 248
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Barry K. FUTRELL, Plaintiff-Appellant,
v.
Winifred HARDY; Gerald Tyree, Defendants-Appellees.
 No. 90-6038.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 31, 1990.
Decided Sept. 21, 1990.
As Amended Oct. 25, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, District Judge. (C/A No. 90-58-CRT).
 Barry K. Futrell, appellant pro se.
 E.D.N.C.
 VACATED AND REMANDED.
 Before PHILLIPS, MURNAGHAN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Barry K. Futrell appeals from the district court's dismissal of his 42 U.S.C. Sec. 1983 action pursuant to 28 U.S.C. Sec. 1915(d). Futrell was confined in the Hertford County (N.C.) Jail as a pretrial detainee from June 18, 1989, through September 18, 1989. His complaint alleged the following jail conditions violated his constitutional rights: (1) the building was old and unfit for human habitation; (2) it was built to hold 36 to 38 prisoners but housed many more; (3) he was forced to sleep on the floor without a blanket; (4) the toilet and sinks were filthy; (5) inmates had access to only one shower, the shower fixture was faulty, and the walls of the shower were unpainted and were covered with green slime, moss and mildew; (6) inmates were allowed only one shower per week; (7) cleaning materials were provided only once a week; (8) the sink in the cell was constantly not in working order, and the cells had no hot water or mirror; (8) the jail was frequently filthy because of overcrowding; (9) the plumbing and sanitary facilities were "outmoded, inadequate, and frequently inoperable;" and (10) because of the overcrowding, the plumbing was inadequate even when operable.
 
 
 2
 Dismissals under Sec. 1915(d) are proper only when the complaint "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 57 U.S.L.W. 4493, 4495 (U.S. May 1, 1989) (No. 87-1882). A complaint may state enough to survive a Sec. 1915(d) dismissal even if it is subject to dismissal pursuant to a motion to dismiss under Fed.R.Civ.P. 12(b)(6). Id. at 4493. Relying on Bell v. Wolfish, 441 U.S. 520 (1979), the district court found that Futrell failed to state a claim of constitutional magnitude due to the limited length of his stay in the Hertford County Jail and accordingly dismissed his suit as frivolous.
 
 
 3
 In Bell, the Court held that requiring a pretrial detainee to share toilet facilities and a small sleeping place with another person for generally a maximum period of 60 days does not violate the Constitution.* In coming to this conclusion, the Court addressed proffered cases and correctional standards which mandated certain minimum space standards. It stated that these cases and standards involved traditional jails and cells in which inmates were locked up for most of the day. Id. at 543-44 n. 27. It held that these cases were factually distinguishable and the standards did not establish constitutional minima. Id.
 
 
 4
 Thus, while the limited amount of time a pretrial detainee spends in jail may certainly be a factor to be considered in any case of alleged unconstitutional conditions, it is not determinative. Futrell was held in the Hertford County Jail for 90 days, which is 30 days longer than a detainee was usually held in Bell. This detention time is simply one factor to be considered along with Futrell's claims of unconstitutional conditions.
 
 
 5
 Confinement conditions of pretrial detainees are to be evaluated under the due process clause rather than under the eighth amendment. Bell, 441 U.S. at 520, 535 n. 16. While a convicted inmate must prove that his confinement is cruel and unusual punishment, detainees need only prove that their confinement amounts to punishment in order to state a claim. Nelson v. Collins, 659 F.2d 420, 425 (4th Cir.1981) (en banc). Absent a showing of expressed intent to punish on the part of correctional officials, the determination whether a particular condition or restriction is punishment generally turns on whether it is rationally connected to a legitimate non-punitive purpose and whether it is excessive in relation to that purpose. Bell, 441 U.S. at 538. The state must justify conditions of confinement on the basis of ensuring the detainee's presence at trial and effectively managing the detention facility. Id. at 540; Loe v. Armistead, 582 F.2d 1291, 1294 (4th Cir.1978), cert. denied, 446 U.S. 928 (1980) (quoting Duran v. Elrod, 542 F.2d 998, 1000 (7th Cir.1976)). Due process rights are at least coextensive with eighth amendment rights of convicted prisoners, and perhaps greater. See id. at 1294. Because it can be determined that certain of Futrell's claims are nonfrivolous under eighth amendment standards, the exact scope of the due process clause need not be determined here.
 
 
 6
 In reviewing complaints of living conditions, the eighth amendment standard is whether the conditions are cruel and unusual under contemporary standards of decency. Rhodes v. Chapman, 452 U.S. 337 (1981). In Rhodes, the Court determined that double-celling does not amount to an eighth amendment violation where other prison living conditions are constitutionally adequate. Id. However, overcrowding does become a relevant factor when other consequences of overcrowding create deprivations or impose restrictions and disadvantages on the prison population. Johnson v. Levine, 588 F.2d 1378 (4th Cir.1978).
 
 
 7
 The analysis is thus based on the totality of the circumstances; that is, whether the challenged conditions, alone or in combination, deprive inmates of the minimal civilized measure of life's necessities. Peterkin v. Jeffes, 855 F.2d 1021 (3d Cir.1988). The inquiry contemplates "basic human needs such as food, shelter, and medical care, as well as sanitation, safety, the physical plant, educational, rehabilitational programs, the length of confinement, and out-of-cell time." Id. at 1025. Futrell's claims should thus be considered alone and in combination to determine whether the district court was correct in determining that each of his claims is frivolous due to the length of his stay.
 
 
 8
 Considered alone, it is not clear that any one of the alleged conditions imposed sufficient deprivations to constitute cruel and unusual punishment given the length of Futrell's stay in the jail. Nonetheless, he has alleged overcrowding, unsanitary condition, and inoperable plumbing, each of which has been found to constitute constitutional violations. See, e.g., McElveen v. County of Prince William, 725 F.2d 954 (4th Cir.), cert. denied, 469 U.S. 819 (1984) (overcrowding, poor sanitation, understaffing, and lack of access to law library stated constitutional claims).
 
 
 9
 Futrell's allegations that the building was old, water in the cell was cold, the cell lacked a mirror, the shower head had a faulty fixture, and the shower area had no paint and was covered in green slime with moss and mildew build-up, do not state claims, especially since cleaning materials were provided. Similar claims were addressed, alone and in combination, in Shrader v. White, 761 F.2d 975 (4th Cir.1985). Cold water in cells and old buildings were found to be constitutionally insignificant. Id. The court also found constitutionally insignificant plaintiffs' allegations that the shower heads dripped, the shower area was covered in rust, mold, and mildew, and the shower controls did not work well. Id. at 984. There was no evidence of injury or health hazards, and daily attempts were made to clean the area.
 
 
 10
 Considered in combination, Futrell's allegations of overcrowding, infrequent showers, plumbing and sanitary facilities that are "outmoded, inadequate, and frequently inoperable," and plumbing that is insufficient even when operable do state claims sufficient to survive Sec. 1915(d). See Sweet v. South Carolina Dep't of Corrections, 529 F.2d 854 (4th Cir.1975). Futrell's limited stay in the Hertford County Jail was only one factor to consider. Since his claims clearly have an arguable basis both in fact and in law, it was abuse of discretion to dismiss under Sec. 1915(d). See White v. White, 886 F.2d 721 (4th Cir.1989).
 
 
 11
 Accordingly, we vacate the judgment of the district court and remand this action for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 *
 Of the unsentenced detainees in Bell v. Wolfish, 441 U.S. at 524-25 n. 3, over half spent less than 10 days at the facility, three-quarters were released within a month, and more than 85% were released within 60 days. Consequently, when the Court extrapolated the jail's standard of "generally a maximum of 60 days" from these statistics, it held in effect that there was still no constitutional violation for those few detainees who were held for more than 60 days since the vast majority of detainees were released before 60 days elapsed