981 F.2d 1251
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Calvin Fay TERRY, Plaintiff-Appellant,
v.
D. Edgar SEARCY, Sheriff of Rutherford County; Reba Cook,
Detective of Rutherfordton, North Carolina; George Cash,
Sergeant and Jailor of Rutherfordton, North Carolina; Jake
Gamble, Detective of Rutherfordton, North Carolina,
Defendants-Appellees.
 No. 92-6516.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 22, 1992
Decided: December 16, 1992
 
 Appeal from the United States District Court for the Western District of North Carolina, at Shelby. Richard L. Voorhees, Chief District Judge. (CA-89-150-SH-C)
 Calvin Fay Terry, Appellant Pro Se.
 Dewey WallaceWells, Nathanael Kevin Pendley, Womble, Carlyle, Sandridge & Rice, Winston-Salem, North Carolina; Frank Bayard Aycock, III, Charlotte, North Carolina, for Appellees.
 W.D.N.C.
 Affirmed.
 Before HALL, WILKINS, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Calvin Terry, a North Carolina prisoner, filed a 42 U.S.C. § 1983 (1988) complaint alleging that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment as a pretrial detainee. Specifically, Terry asserts that the Defendants acted with deliberate indifference to his medical needs, forced him to remain in a cold cell with only underwear on for days, and waited several days before cleaning up feces spread on the wall by another inmate. After a hearing, at which Terry was represented by counsel, the jury found for the Defendants on all claims. Terry appeals; we affirm.
 
 
 2
 The record does not contain a transcript of the trial. Terry has been granted in forma pauperis status and the government may provide a free transcript pursuant to 28 U.S.C. § 753(f) (1988) if it is determined that Terry's appeal presents a "substantial question." Maloney v. E. I. DuPont de Nemours & Co., 396 F.2d 939, 940 (D.C. Cir. 1967), cert. denied, 396 U.S. 1030 (1970). A"substantial question" has been held to be one that is "reasonably debatable," Ortiz v. Greyhound Corp., 192 F. Supp. 903, 905 (D. Md. 1959), or one "where the law appears to be settled, but where the appellant is able to show that his chances of changing the law on appeal are strong." Lee v. Habib, 424 F.2d 891, 905 (D.C. Cir. 1970).
 
 
 3
 An appeals court must accept a jury's verdict if it is supported by substantial evidence. Richardson v. Suzuki Motor Co., 868 F.2d 1226 (9th Cir.), cert. denied, 493 U.S. 853 (1989). "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support the conclusion even if different conclusions also might be supported by the evidence. Gibraltar Sav. v. LDBrinkman Corp., 860 F.2d 1275 (5th Cir. 1988), cert. denied, 490 U.S. 1091 (1989). A jury's verdict cannot be set aside unless the evidence, viewed in a light most favorable to Defendants, is so clear that reasonable persons could reach no other conclusion than that asserted on appeal. McElveen v. County of Prince William, 725 F.2d 954, 958 (4th Cir.), cert. denied, 469 U.S. 819 (1984). Under this standard and upon consideration of the arguments raised by Terry on appeal and the record presently before the Court, we are unable to find that Terry has presented a substantial question warranting the preparation of a transcript at the government's expense. To the contrary, the materials before the Court suggest that the jury correctly found the evidence insufficient to establish that the Defendants violated Terry's constitutional rights. The medical records show that Terry received almost constant medical treatment, and that he was a suicide risk requiring the removal of many objects he could use to hurt himself from his cell. Additionally, the jury chose to believe Defendants' evidence concerning the failure to clean the cell and credibility determinations are not reviewable on appeal. Lust v. Clark Equip. Co., 792 F.2d 436 (4th Cir. 1986). Thus, there was substantial evidence to support the jury's verdict.
 
 
 4
 Therefore, we affirm the jury's verdict dismissing Terry's § 1983 complaint. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED