Charles Edward PACE, Plaintiff-Appellant,

v.

David EVANS, et al., Defendants-Appellees.

No. 83–8150

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

July 18, 1983.

---

Charles Edward Pace, plaintiff-appellant, pro se.

Michael J. Bowers, Atty. Gen., Atlanta, Ga., for defendants-appellees.

Before RONEY, VANCE and ANDERSON, Circuit Judges.

PER CURIAM:

Charles Edward Pace appeals the dismissal of his complaint and the denial of his motion for leave to appeal *in forma pauperis.* We vacate the order of the district court and remand for further proceedings.

On February 7, 1983, Charles Edward Pace, a prisoner in the Central Correctional Institute in Macon, Georgia, brought a claim under 42 U.S.C.A. § 1983, alleging numerous violations of his constitutional rights. He alleged, among other things, (1) legal materials and books are restricted, (2) the classification system is racially discriminatory, (3) inmates are harassed with regard to medical treatment, (4) he was prohibited from wearing long hair and a beard as required by his Islamic religious beliefs, (5) overcrowding, (6) unsanitary food preparation conditions, (7) inadequate clothing and laundry service, and (8) that he was assigned to hazardous work despite a leg injury. Prior to service of process, the district court dismissed the complaint because the allegations were frivolous or stated in conclusory fashion. Pace moved for leave to appeal *in forma pauperis.* Although it found Pace economically eligible, the district court denied the motion, finding that the appeal was legally frivolous and not taken in good faith.

■ 28 U.S.C.A. § 1915(d) provides: "The court . . . may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." *See Mitchell v. Beauboeuf,* 581 F.2d 412, 416 (5th Cir.1978), *cert. denied,* 441 U.S. 966, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979). A prisoner complaint is frivolous under section 1915(d) if it is without arguable merit. *Watson v. Ault,* 525 F.2d 886, 892 (5th Cir. 1976).

[I]n evaluating the legal sufficiency of a complaint for purposes of § 1915(d), we apply the customary standard enunciated in *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957), that:

a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Green v. City of Montezuma,* 650 F.2d 648, 651 (5th Cir.1981). While a trial court has broad discretion in denying an application to proceed *in forma pauperis* under 28 U.S.C.A. § 1915, it must not act arbitrarily and it may not deny the application on erroneous grounds. *Flowers v. Turbine Support Division,* 507 F.2d 1242, 1244 (5th Cir.1975).

■ Under *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), a *pro se* prisoner complaint is governed by "less stringent standards than formal pleadings drafted by lawyers." Pace's complaint alleged facts which, if proven, might arguably entitle him to relief. *See, e.g., Woodall v. Foti,* 648 F.2d 268, 272 (5th Cir.1981) (inadequate medical care); *Shabazz v. Barnauskas,* 598 F.2d 345 (5th Cir. 1979) (prisoner claimed his religious faith required him to let beard grow); *Johnson v. Levine,* 588 F.2d 1378 (4th Cir.1978) (en banc) (overcrowding); *Sinclair v. Henderson,* 435 F.2d 125, 126 (5th Cir.1970) (unsanitary food preparation). The district court erred in dismissing the complaint at this stage of the proceeding. *See Hogan v. Midland County Commissioners Court,* 680 F.2d 1101, 1103 (5th Cir.1982); *Taylor v. Gibson,* 529 F.2d 709, 716–17 (5th Cir.1976); *Watson v. Ault,* 525 F.2d 886, 892 (5th Cir. 1976). We, of course, voice no indication as to the merit of plaintiff's claims.

**1430**

Normally, at this stage of the appellate proceedings, we would only grant plaintiff leave to appeal *in forma pauperis,* and wait for briefing to decide the merits of this appeal. Here, however, defendants have never been served and are not before this Court. Therefore, we at once grant certificate of probable cause and leave to appeal *in forma pauperis* and vacate the dismissal prior to service of plaintiff's complaint, reverse the denial of leave to proceed *in forma pauperis* in the district court, and remand to the district court for further proceedings. Because of the delay that has ensued through no fault of the plaintiff, the matter should be treated with some expedition in the district court.

VACATED AND REMANDED.