Joseph R. HARMON, Plaintiff-Appellant,

v.

W.C. BERRY and David Morse, Defendants-Appellees.

No. 83–7355
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

April 2, 1984.

Thomas R. Allison, Montgomery, Ala., for defendants-appellees.

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

Joseph Harmon, an Alabama state prisoner incarcerated at Staton Correctional Facility, brings this 42 U.S.C. § 1983 action against the prison warden and a correctional officer. The district court, acting upon a magistrate's recommendation, summarily dismissed the action as frivolous before service on the defendants. We reverse and remand to the district court for further proceedings.

Harmon, proceeding in forma pauperis and pro se, alleged in his complaint that Morse, a correctional officer at the Hamilton Work Release Center, told White, another inmate, that Harmon had informed on White, endangering Harmon's life due to the possibility of retaliation by White, and by other inmates who now consider him a snitch. Harmon also alleged that Berry, the warden, transferred White to Staton after this incident, knowing that he might be placing Harmon in danger. Finally, Harmon alleged that prison officials were telling inmates that they were receiving harsher disciplinary penalties than they otherwise would be given because Harmon had another lawsuit against the center; Harmon stated that this rumor further endangered his life by engendering more hostility to him among inmates. He sought monetary damages and injunctive relief to keep the defendants from further retaliating or spreading rumors against him. He attached to his complaint a statement from inmate White supporting that Morse had spread the rumor that Harmon was a snitch, that it had led to harsh words between him and Harmon, and that prison officials were blaming stiff disciplinary penalties on Harmon's lawsuit.

The U.S. Magistrate filed a report recommending that the motion to proceed in forma pauperis be granted and that the complaint be summarily dismissed as frivolous because Harmon did not allege in his complaint that he had been attacked or threatened. Harmon filed timely objections to the report stating inter alia that White indeed had threatened his life half an hour after Morse told White that Harmon had "fingered him," and had attacked him. Harmon also stated that he lived in constant fear and suffered great mental anguish. The district court dismissed the ac-

tion and denied leave to appeal in forma pauperis. This court granted the motion to appeal in forma pauperis.

 If a district court finds that a case wherein the prisoner is proceeding in forma pauperis is either frivolous or malicious, then the court may dismiss the action prior to service of process. 28 U.S.C. § 1915(d). An action is frivolous under this section if it is without arguable merit. *Pace v. Evans,* 709 F.2d 1428, 1429 (11th Cir.1983). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the prisoner can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Pace,* 709 F.2d at 1429. Under *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972), a pro se prisoner complaint is governed by "less stringent standards than formal pleadings drafted by lawyers."

 Prisoners have a constitutional right to be protected from violence while in custody. *Jones v. Diamond,* 636 F.2d 1364, 1374 (5th Cir.),[1] *cert. dismissed sub nom. Ledbetter v. Jones,* 453 U.S. 950, 102 S.Ct. 27, 69 L.Ed.2d 1033 (1981); *McCray v. Sullivan,* 509 F.2d 1332, 1334 (5th Cir.), *cert. denied,* 423 U.S. 859, 96 S.Ct. 114, 46 L.Ed.2d 86 (1975). In *Gullatte v. Potts,* 654 F.2d 1007, 1009–10 (5th Cir.1981), the inmate was known to be a "snitch" and was murdered after he was transferred to the general prison population of a maximum security unit. His wife brought suit and the former Fifth Circuit remanded the action to the district court for determination of whether the warden knew or should have known of the danger "snitches" are in when placed in a general prison population. *Id.* at 1012–15.

 Harmon's claims, construed liberally as they must be, allege that prison officials have labeled him a snitch and are exposing him to inmate retaliation, perhaps because

of his conduct in bringing prior lawsuits against the center. The claim, on its face, is sufficient to carry this cause of action through the service of process stage.

REVERSED and REMANDED for further proceedings.

---

1. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.