Timothy Warren **VINCENT**, Plaintiff,

v.

Colonel Jim **LYNCH** and Cobb County Sheriff's Department, Defendants.

Civ. A. No. C85–4325A.

United States District Court, N.D. Georgia, Atlantia Division.

Dec. 24, 1985.

Timothy Warren Vincent, pro se.

No Appearance for defendants.

## ORDER

FORRESTER, District Judge.

This action, brought pursuant to 42 U.S.C. § 1983, is before the court for a frivolity determination pursuant to 28 U.S.C. § 1915(d). According to the complaint, the plaintiff was incarcerated at the Cobb County Jail and was transferred to the Douglas County Jail due to overcrowding. On June 23, 1985, the plaintiff was picked up by a Cobb County Deputy at the Douglas County Jail for a court appearance, and was told to leave his personal belongings behind as he would be returned to the Douglas County Jail. Plaintiff was not returned to the Douglas County Jail, and requested that his personal belongings be forwarded to him. After making several requests, on July 3, 1985, plaintiff was given a box which contained all of his personal belongings except for a pair of shoes which plaintiff valued at $36.00. Plaintiff's complaint is brought for damages only, and requests compensation for his lost shoes, and punitive damages in the amount of $250,000. The defendants to the action are the Cobb County Sheriff's Department and Colonel Jim Lynch, the Chief Jailer at the Cobb County Jail.

The question before this court on this frivolity determination is whether the complaint shows, beyond doubt, that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir.1983), quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The facts of this complaint, construed liberally in plaintiff's favor, allege that the Cobb County Sheriff's Department deprived him of the use of certain items of personal clothing for seven days, from June 26 through July 3, 1985, and permanently deprived him of a pair of shoes valued at $36.00. The complaint does not allege that plaintiff was without clothing during the one-week period he did not have access to certain of his belongings. The court has concluded that those facts do not state a claim on which relief could be granted pursuant to 42 U.S.C. § 1983, and therefore this action is DISMISSED.

The United States Supreme Court in *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), held where a person alleges under Section 1983 a negligent deprivation of property, no due process claim exists unless and until the state fails to provide an adequate remedy for the loss. The State of Georgia provides remedies for state inmates in situations similar to that of this plaintiff. *See Irwin v. Arrendale*, 117 Ga.App. 1, 159 S.E.2d 719 (1967); *accord Heard v. Caldwell*, 364 F.Supp. 419 (S.D.Ga.1973). Because state law provides an adequate post-deprivation remedy for the loss in this case, *Parratt v. Taylor* dictates that the complaint must be dismissed. Indeed, the court is struck by the great similarity between the facts as alleged in this case, and the facts alleged in *Parratt*, which were that the state officials had negligently deprived the prisoner of a hobby kit valued at $23.50.

An alternative construction of plaintiff's complaint could be that he is alleging a deprivation of substantive due process, to the extent that he was deprived of the use of certain of his belongings for a week, and of one pair of his shoes permanently. However, any possible substantive due process construction of plaintiff's complaint is foreclosed by the cases of *Williams v. Kelley*, 624 F.2d 695, 697–98 (5th Cir.1980), *cert. denied*, 451 U.S. 1019, 101 S.Ct. 3009,

69 L.Ed.2d 391 (1981), and *Gilmere v. City of Atlanta, Georgia,* 774 F.2d 1495 (11th Cir.1985) (en banc). In *Williams v. Kelley,* the court noted that not every deprivation by the state amounts to a constitutional deprivation. The question is whether the deprivation resulted from the sort of abuse of government power which would raise an "ordinary tort by a government agent" to the stature of a violation of the United States Constitution. 624 F.2d at 697. The question is whether the conduct was sufficiently egregious so as to be "constitutionally" tortious. *Id.* The most that this complaint reveals is negligence on the part of jailers in failing to make sure that plaintiff's personal belongings were transferred with the plaintiff when he went from one jail to another. Due to negligence, or administrative oversight, or a combination thereof, his belongings did not catch up with him for a week, and when they did a pair of shoes was missing. This is not the type of egregious state conduct which one could construe to be "antithetical to fundamental notions of due process." *Gilmere,* 774 F.2d at 1499. For these reasons, the court concludes that plaintiff's complaint should be dismissed as frivolous, on the grounds that the conduct alleged is not sufficiently egregious to amount to an independent constitutional tort, and to the extent that it is construed as alleging a violation of procedural due process, the state has provided an adequate post-deprivation remedy. For the foregoing reasons, this action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(d).