12 F.3d 1100
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Isiah EVANS, III., Plaintiff/Appellant,
v.
Mark WILSON, Defendant/Appellee.
 No. 93-1573.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 19, 1993.*
Decided Nov. 23, 1993.
 
 Before BAUER and MANION, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Isiah Evans, an inmate at USP-Marion, filed a civil rights complaint under 28 U.S.C. Sec. 1331 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (permitting damages action against federal defendants alleged to have violated the Fourth Amendment); see also Carlson v. Green, 446 U.S. 14 (1980) (extending Bivens to Eighth Amendment claims). Evans alleged that Mark Wilson, a correctional officer at USP-Marion, threatened Evans and referred to Evans as a "rat" (snitch) in front of other inmates because Evans had: (1) filed a lawsuit against Wilson, (2) intervened in a beating allegedly inflicted by Wilson and other correctional officers against a Cuban inmate, and (3) brought the beating to the warden's attention. The magistrate judge recommended that Wilson's motion for summary judgment be granted and Evans' cross-motion for summary judgment be denied. The district court reviewed de novo the magistrate judge's report and recommendation and Evans' objections, and entered judgment in favor of Wilson. Evans appeals, and we affirm.
 
 
 2
 We review de novo Evans' claim that the district court improperly deferred to the magistrate judge's determinations and granted summary judgment. 28 U.S.C. Sec. 636(b)(1)(C) (district court shall make de novo determination concerning objections to magistrate judge's report and recommendation); Fed.R.Civ.P. 52(a) (requiring district court to set forth the findings of fact and conclusions of law which constitute the grounds for its action). See Matter of Drewry, 966 F.2d 236, 240 (7th Cir.1992) (de novo review of district court).
 
 
 3
 Prison officials are shielded from liability if they have not violated clearly established constitutional or statutory rights of which a reasonable person would have known. Anderson v. Creighton, 483 U.S. 635 (1987); Procunier v. Navarette, 434 U.S. 555, 561-62 (1978); Rakovich v. Wade, 850 F.2d 1180, 1208-1214 (7th Cir.1988) (en banc), cert. denied, 488 U.S. 968 (1988); Williams v. Lane, 851 F.2d 867, 882 (7th Cir.1988), cert. denied, 488 U.S. 1047 (1989). Accepting as true the facts alleged by Evans, including all the affidavits submitted by him,[1] we find Wilson entitled to qualified immunity. Cf. Estate of Damon Starks v. Enyart, et al., 5 F.3d 230 (7th Cir. September, 1993) (court lacks jurisdiction to decide qualified immunity if doing so requires resolution of a disputed issue of fact).
 
 
 4
 The qualified immunity issue turns on a question of law, Hill v. Shelander, 992 F.2d 714, 718 (7th Cir.1993), whether the right allegedly violated was clearly established at time of the conduct at issue.[2] Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Colaizzi v. Walker, 812 F.2d 304, 306-308 (7th Cir.1987). "The contours of the constitutional right must be sufficiently clear that a reasonable official would understand his conduct to violate that right." Hill, 992 F.2d at 718.
 
 
 5
 Evans brings our attention to Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir.1989); Harmon v. Berry, 728 F.2d 1407 (11th Cir.1984); and Guallatte v. Potts, 654 F.2d 1007 (5th Cir.1981), recognizing a right to be free from being labeled a snitch in retaliation for exercising a constitutionally protected right. The "snitch theory" evolves from the right to be protected from violence while in custody. McGill v. Duckworth, 944 F.2d 344, 347 (7th Cir.1991) (recognizing prisoner's right to be protected from violence by other inmates), cert. denied, 112 S.Ct. 1256 (1992) ( citing Davidson v. Cannon, 474 U.S. 344 (1986)).
 
 
 6
 In Harmon, the claimant alleged that prison officials had labeled him a snitch, thereby exposing him to harm from other inmates, in retaliation for his having brought prior lawsuits against the prison. The Eleventh Circuit found the claim sufficient on its face to carry the cause of action through the service of process stage. 728 F.2d at 1409. In Valandingham, the Ninth Circuit held that a prisoner who alleged that a guard called him a snitch, intending to subject him to harm by fellow inmates in retaliation for attempts to seek legal redress for grievances, stated a claim for relief under 28 U.S.C. Sec. 1983. 866 F.2d at 1137-38. See also Guallatte, 654 F.2d at 1012-15 (5th Cir.) (remanding to the district court for determination of whether the warden knew or should have known of the danger to snitches when placed in a general prison population).
 
 
 7
 To date, however, the Seventh Circuit has not recognized a snitch theory of liability, and we need not do so at this time. A government official cannot be expected to recognize the significance of a few scattered cases from disparate areas of law delineating a right that may be evolving. See Rakovich, 850 F.2d at 1209-10. Accordingly, we concur with the district court's finding of qualified immunity. At the time of Wilson's alleged name-calling, the right to be free from being publicly labeled a snitch was (and still is) not a clearly defined constitutional right.
 
 
 8
 Evans alleges that when he informed Wilson of his intention to sue, Wilson threatened to beat Evans. Allegations of verbal abuse and threats by prison officials are insufficient grounds for relief under Sec. 1983. See Patton v. Przybylski, 822 F.2d 697, 700 (7th Cir.1987) (verbal threats do not constitute a constitutional violation). Evans also argues that the district court erroneously refused to address his claim of intentional infliction of emotional distress. A federal official's exposure to civil liability under Bivens is the same as a state official's exposure under Sec. 1983. Butz v. Economou, 438 U.S. 478, 500 (1978). Bivens and Sec. 1983 impose liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Baker v. McCollan, 443 U.S. 137, 146 (1979). Consequently, Evans' claim for intentional infliction of emotional distress must be brought in the appropriate state court.
 
 
 9
 For the aforementioned reasons, we AFFIRM the district court's grant of summary judgment.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Evans contends that the district court improperly excluded two unsworn affidavits pursuant to Sec. 1746, which requires affidavits to be sworn or made "under penalty of perjury" and verified as "true and correct". In fact, the district court considered all the affidavits submitted in support of Evans' motion for summary judgment independent of their technical sufficiency
 
 
 [2]
 Thus, we need not reach Evans' claim that the stay of discovery was erroneous, and summary judgment premature. Fed.R.Civ.Pro. 56(f); Chicago Florsheim Shoes Store v. Cluett, Peabody & Co., 826 F.2d 725, 727 (7th Cir.1987). Proof of Wilson's motivation is not relevant to the qualified immunity inquiry
 Because this case turns on a legal question, the district court did not err in denying Evans' motion for sanctions and for costs against Wilson for allegedly raising the qualified immunity defense to avoid discovery. Fed.R.Civ.Pro. 11. Nor is it necessary to consider Evans' argument that Wilson's summary judgment motion rests on a "self-serving conclusory" affidavit.