**Peter SAUNDERS, Plaintiff–Appellant,**

v.

**John TOURVILLE, et al., Defendants–Appellees.**

No. 03–3757.

United States Court of Appeals, Seventh Circuit.

Submitted April 19, 2004.*

Decided April 19, 2004.

Peter Saunders, Pontiac, IL, for Plaintiff-Appellant.

Before POSNER, EVANS, and WILLIAMS, Circuit Judges.

ORDER

Illinois prisoner Peter Saunders filed this lawsuit under 42 U.S.C. § 1983 against more than a dozen guards and administrators at the Menard Correctional Center. He alleged that they violated his constitutional rights by failing to protect him from potential harm by other inmates; by restricting his access to the law library; by denying him sufficient exercise and food; and by retaliating against him for filing grievances about these and other prison conditions. On appeal, Saunders challenges only the dismissal of his failure-to-protect claim.

After Saunders learned that Officer Tourville, one of the corrections officers at Menard, had started a rumor that Saunders was a "snitch," Saunders feared that other inmates would physically assault him. His requests for protective custody were denied at first, but eventually granted. Saunders then filed this lawsuit requesting monetary damages because the defendants "fail[ed] to take action to ... secure Plaintiff's saf[e]ty." The district court screened the complaint under 28 U.S.C. § 1915A and, finding that it failed to state a claim, dismissed it. *See* § 1915A(b)(1). The court held that Saunders did not state a claim for failure to protect because, according to the com-

---

* This appeal has been submitted without the filing of a brief by the appellees. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the brief and the record. *See* Fed. R.App. P. 34(a)(2).

plaint itself, prison officials responded adequately to his concerns by evaluating the risk and offering protection accordingly.

On appeal, Saunders insists that Officer Tourville violated the Eighth Amendment by suggesting to the other inmates that Saunders was a snitch, thereby placing him at risk of assault. He argues that this is the sort of deliberate indifference to a substantial risk of serious harm that the Supreme Court condemned in *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). He cites cases from five different circuits in which prison officials were found liable (or potentially liable) for labeling an inmate a snitch. *See Northington v. Marin*, 102 F.3d 1564, 1567–68 (10th Cir.1996); *Reece v. Groose*, 60 F.3d 487, 488 (8th Cir.1995); *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138–39 (9th Cir.1989); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir.1984) (per curiam); *Gullatte v. Potts*, 654 F.2d 1007, 1012–14 (5th Cir. Unit B Aug.1981). But these cases involved more than the risk of assault. In each of them, with the exception of *Valandingham*, the risk materialized and the inmate was actually attacked or even killed. The standard in this circuit is clear: an inmate who suffers only a risk of physical harm has no compensable claim under the Eighth Amendment. *See Babcock v. White*, 102 F.3d 267, 272 (7th Cir.1996).

AFFIRMED.