[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 10, 2006
THOMAS K. KAHN
CLERK

No. 05-13102
Non-Argument Calendar

_____

D. C. Docket No. 05-00053-CV-HLM-4

KEVIN WAYNE JONES,

Plaintiff-Appellant,

versus

CITY OF ROCKMART,
JOHN ADAMS,
2nd Shift Supervisor,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 10, 2006)

Before ANDERSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Kevin Wayne Jones, appearing *pro se*, appeals the district court's *sua sponte* dismissal of his 42 U.S.C. § 1983 civil rights action against Officer John Adams and the City of Rockmart pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted. The district court found Jones' complaint was premature pursuant to *Younger v. Harris*, 91 S. Ct. 746 (1971), and was barred under *Heck v. Humphrey*, 114 S. Ct. 2364 (1994). Jones challenges the district court's dismissal of his complaint because Jones claims he was arrested, indicted, and tried as a result of Officer Adams falsifying evidence and perjuring himself, which violated Jones' constitutional rights and subjected him to malicious prosecution. We vacate and remand in part, and dismiss in part.

"We review a district court's *sua sponte* dismissal of a suit for failure to state a claim for relief under § 1915A(b)(1) *de novo*." *Harden v. Pataki*, 320 F.3d 1289, 1292 (11th Cir. 2003). A civil complaint filed by a prisoner seeking redress from an employee or officer of a governmental entity may be dismissed if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)-(b)(1).

In reviewing the dismissal of a complaint under the PLRA, we accept allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th

Cir. 2004) (reviewing dismissal of complaint under 28 U.S.C. § 1915(g)).  In

addition, we liberally construe *pro se* pleadings.  *See id.* at 1350.  "A complaint

should not be dismissed for failure to state a claim unless it appears beyond doubt

that the prisoner can prove no set of facts in support of his claim which would

entitle him to relief."  *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984)

(discussing dismissal under 28 U.S.C. § 1915(d) (1979)).

A civil rights action brought under 42 U.S.C. § 1983 requires the deprivation

of a federally protected right by a person acting under the color of state law.  *See*

*Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315 (11th Cir. 2000).  "Labeling a

section 1983 claim as one for a malicious prosecution can be a shorthand way of

describing . . . the kind of claim where the plaintiff, as part of the commencement

of a criminal proceeding, has been unlawfully and forcibly restrained in violation

of the Fourth Amendment and injuries, due to that seizure, follow as the

prosecution goes ahead."  *Uboh v. Reno*, 141 F.3d 1000, 1003 (11th Cir. 1998)

(quotation and alteration omitted).  Therefore, malicious prosecution is a

"constitutional tort that is cognizable under § 1983."  *Id.* at 1002-03.  In this

circumstance, because the Fourth Amendment violation alleged arises by "analogy

to the common law tort of malicious prosecution, courts historically have looked to

the common law for guidance as to the constituent elements of the claim."  *Id.* at

3

1004. In Georgia, malicious prosecution is "[a] criminal prosecution which is carried on maliciously and without any probable cause and which causes damage to the person prosecuted." O.C.G.A. § 51-7-40. "Further, in order to state a cause of action for malicious prosecution, a plaintiff must allege and prove that the criminal proceeding that gives rise to the action has terminated in favor of the accused." *Uboh*, 141 F.3d at 1004.

In *Younger v. Harris*, the Supreme Court ordered a federal court to abstain from hearing a plaintiff's constitutional challenge of a state criminal statute under which he was being prosecuted, concluding that a sufficient state forum existed for the plaintiff to raise his claim. 91 S. Ct. at 755. Thus, *Younger* abstention applies if (1) there are pending state judicial proceedings; (2) the proceedings implicate important state interests; and (3) the proceedings provide an adequate opportunity for raising federal constitutional questions. *31 Foster Children v. Bush*, 329 F.3d 1255, 1274-75 (11th Cir. 2003).

Pursuant to *Heck v. Humphrey*, before a plaintiff may recover damages for a § 1983 claim, the plaintiff must show "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 114 S. Ct. at 2372.

4

Accepting the allegations in Jones' complaint and subsequent pleadings as true, it appears that Jones no longer has any criminal charges pending and may not have had any charges pending at the time that he filed his complaint. Consequently, to the extent the district court's dismissal of Jones' complaint rested on application of the *Younger* doctrine, the court erred. *See Younger*, 91 S. Ct. at 755. Furthermore, because it is not clear whether Jones was convicted or sentenced for the offense that formed the basis for his malicious prosecution claim, the district court erred in applying *Heck* because *Heck* presupposes a plaintiff's "conviction or sentence." *See* 114 S. Ct. at 2372.

Because it does not appear "beyond a doubt" that Jones can prove no set of facts entitling him to relief under § 1983 for malicious prosecution, we vacate the district court's dismissal of Jones' complaint for failure to state a claim and remand for further proceedings. *See Harmon*, 728 F.2d at 1409.

VACATED AND REMANDED IN PART, DISMISSED IN PART.[1]

---

[1] Jones also appeals the denial of his motion for leave to amend his complaint. Because we are vacating the dismissal of Jones' complaint by the district court, his appeal of the denial of his motion to amend his complaint is now moot. Therefore, we dismiss this claim.