[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 05-15127

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 19, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-02017-CV-TWT-1

DONALD C. BANKHEAD,

                                        Plaintiff-Appellant,

                    versus

GEORGIA STATE BOARD OF
PARDONS AND PAROLES
MILTON E. NIX, JR., et al.,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 19, 2006)**

Before EDMONDSON, Chief Judge, TJOFLAT and BLACK, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Donald Bankhead, an inmate in the Georgia prison system, appeals pro se the district court's sua sponte dismissal of his 42 U.S.C. § 1983 case for failure to state a claim upon which relief can be granted, 28 U.S.C. § 1915A. Reversible error exists on the dismissal of Bankhead's ex post facto claim; we vacate and remand the district court's dismissal order on this claim only and affirm on his remaining claims.

According to his complaint, Bankhead began serving 20-year concurrent sentences in November 1991, for voluntary manslaughter, aggravated assault, kidnaping, and burglary. On 9 December 1997, the Georgia State Board of Pardons and Paroles (the "Board") adopted a 90 percent-to-serve policy (the "90 percent policy"), which applied to all inmates convicted after 1 January 1998. Under this policy, inmates convicted of certain offenses were required to serve 90 percent of their sentences before becoming eligible for an initial parole hearing. On 30 May 2002, the United States District Court for the Northern District of Georgia determined that retroactive application of the 90 percent policy to inmates whose offense conduct occurred before adoption of the policy was an ex post facto violation. See Jackson v. State Board of Pardons and Paroles, No. 2:01-CV-068-WCO; 2002 WL 1609804 (N.D. Ga. 2002).

2

On 25 July 2002, the Board informed Bankhead that his tentative parole month ("TPM") was March 2005. In July 2003, he was notified that his TPM had been changed to November 2009, which was 90 percent of his 20-year sentence. In March 2005, a Fulton County Superior Court judge declared that the 90 percent policy was implemented improperly and, therefore, had no force or effect. The Board issued a press release stating that it would not appeal this decision and that it would apply the decision to all cases previously considered under the 90 percent policy.

In his § 1983 complaint, Bankhead alleged that the Board's acts in setting his TPM violated constitutional protections under the ex post facto and due process clauses. The district court concluded that Bankhead failed to state a claim for a due process violation and that his ex post facto claim was moot, in light of the Board's 2005 statement that it would reconsider cases affected by the 90 percent policy.

We review de novo a district court's sua sponte dismissal of a suit for failure to state a claim for relief. Harden v. Pataki, 320 F.3d 1289, 1292 (11th Cir. 2003). A district court should not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the prisoner can prove no set of facts in support of his claim which would entitle him to relief." Harmon v. Berry, 728

F.2d 1407, 1409 (11th Cir. 1984). All allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).

We see no error in the district court's conclusion that Bankhead failed to state a due process claim. See Sultenfuss v. Snow, 35 F.3d 1494, 1501-02 (11th Cir. 1994) (en banc) (explaining that Georgia's parole system does not create a protected liberty interest in parole). Therefore, the district court properly dismissed this claim.

But because Bankhead's case was dismissed before defendants filed an answer, it is not clear to us whether the 90 percent policy ever applied to Bankhead's sentence. Therefore, we cannot say it is beyond doubt that Bankhead can prove no facts in support of his ex post facto claim. Consequently, the district court erred by dismissing this claim for failure to state a claim. We vacate and remand Bankhead's ex post facto claim and affirm on his remaining claims.

**AFFIRMED IN PART; VACATED IN PART; AND REMANDED.**