[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 5, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10731
Non-Argument Calendar

_____

D. C. Docket No. 05-00216-CV-4-MMP-AK

DENNIS DEAN COOPER,

Plaintiff-Appellant,

versus

STATE OF FLORIDA,
CHARLES CRIST,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(September 5, 2006)**

Before ANDERSON, BIRCH and KRAVITCH, Circuit Judges.

PER CURIAM:

Dennis Dean Cooper, a Florida state prisoner proceeding pro se, appeals the dismissal of his § 1983 complaint challenging his court of conviction's exclusion of certain evidence. Because Cooper's claim, if successful, will not invalidate his conviction, the district court improperly determined that Cooper's claim is Heck-barred.[1] Because the record is insufficient to ascertain any other basis for dismissal, we vacate and remand.

## I. Background

Cooper filed a pro se complaint under 42 U.S.C. § 1983 against the State of Florida and Attorney General Charles Crist, alleging that his constitutional rights were violated because the state's evidence rules did not recognize his defense of diminished responsibility, which he attempted to present in his earlier criminal trial. Cooper noted that the state is permitted to submit evidence of the defendant's mental state, but the defendant is prohibited from doing so. He requested $250,000 in damages and a declaratory judgment that the rules violated his constitutional rights.

The magistrate judge recommended that the complaint be dismissed as Heck-barred because Cooper challenged his conviction and his only available

---

[1] Heck v. Humphrey, 512 U.S. 477 (1994).

remedy was under habeas relief.[2]  Cooper objected, asserting that <u>Heck</u> did not bar his claim, because even if he were successful, his conviction would not necessarily be invalidated, as the jury could still convict him after hearing the evidence.  In support of his argument, he cited <u>Dotson v. Wilkinson</u>, 329 F.3d 463 (6th Cir. 2003).

Over Cooper's objections, the district court adopted the magistrate judge's recommendation and dismissed the complaint, finding the claims <u>Heck</u>-barred.

## II. Standard of Review

We review <u>de novo</u> a district court's <u>sua sponte</u> dismissal of a suit for failure to state a claim for relief under 28 U.S.C. § 1915A(b)(1).  <u>Harden v. Pataki</u>, 320 F.3d 1289, 1292 (11th Cir. 2003); <u>Leal v. Ga. Dep't of Corr.</u>, 254 F.3d 1276, 1279 (11th Cir. 2001).  "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the prisoner can prove no set of facts in support of his claim that would entitle him to relief."  <u>Harmon v. Berry</u>, 728 F.2d 1407, 1409 (11th Cir. 1984).  In reviewing the dismissal of a complaint under the PLRA, we accept the allegations in the complaint as true and construe <u>pro se</u> pleadings liberally.  <u>Brown v. Johnson</u>, 387 F.3d 1344, 1347, 1350 (11th Cir. 2004).

---

[2] The magistrate judge did not state the basis for the dismissal, but presumably he conducted the required screening under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, and found that the complaint failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

### III. Discussion

Cooper argues that the district court erred in dismissing his complaint as Heck did not apply because: (1) he is seeking damages, (2) his success would not necessarily invalidate his conviction, and (3) Dotson explains that suits challenging the procedures used for convictions may proceed. He asserts that allowing both parties or neither party to submit evidence of mental state would cure the defect, and neither result would necessarily invalidate his conviction.

In Heck v. Humphrey, the Supreme Court held that "to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 486-87 (1994). Thus, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487. However, when "the plaintiff's action, even if successful, will not demonstrate the invalidity of any

4

outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." Id. (emphasis in original; footnotes omitted).

Here, the district court erred when it concluded that the claim was Heck-barred because, even if Cooper was successful, it would not necessarily invalidate his conviction. Compare Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (explaining that "[b]ecause an illegal search or arrest may be followed by a valid conviction, a successful § 1983 action for Fourth Amendment search and seizure violations does not imply the invalidity of the conviction. As a result, Heck does not generally bar such claims."), with Abella v. Rubino, 63 F.3d 1063, 1064, 1065 (11th Cir. 1995) (holding that the plaintiff's argument that the defendants "knowingly and willfully conspired to convict him falsely by fabricating testimony and other evidence against him" was barred under Heck because "[j]udgment in favor of Abella on these claims [that the defendants unconstitutionally conspired to convict him of crimes he did not commit] 'would necessarily imply the invalidity of his conviction.'"). Even with evidence of Cooper's alleged mental state at the time of the offense, a jury would still have the option of convicting Cooper. Accordingly, the district court erred in finding the complaint Heck-barred.[3]

_____

[3] We note that attacks on the constitutional application of a state's evidence rules are generally brought under habeas and that federal courts are reluctant to override a state's

The record does not contain sufficient information for us to determine whether there were proper bases for dismissal. Therefore, we REVERSE the district court and REMAND for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

---

evidentiary decision unless the state court ruling rendered the proceedings fundamentally unfair. Boykins v. Wainwright, 737 F.2d 1539, 1543-44 (11th Cir. 1984). Nevertheless, because his success would not invalidate his conviction and because of the remedy he seeks, it does not appear that habeas was the exclusive remedy for Cooper's claim. Cf. Bradley v. Pryor, 305 F.3d 1287, 1290 (11th Cir. 2002).