[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 3, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12217
Non-Argument Calendar

_____

D. C. Docket No. 06-20136-CV-JAL

DAVID WILLIAM LINDER,

Plaintiff-Appellant,

versus

DIANE BOLAND,
BRUCE HYMA, DR.,
GEORGE W. HIME,
WILLIAM LEE HEARN,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 3, 2007)**

Before BIRCH, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

David William Linder, proceeding *pro se*, appeals the district court's 28 U.S.C. § 1915(e)(2)(B)(ii) dismissal of his 42 U.S.C. § 1983 action.[1] The district court found that Linder's claim challenging the validity of his conviction is not cognizable under Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994). Because we find that Linder's action, if successful, would not necessarily invalidate his prior criminal conviction, we REVERSE and REMAND to the district court for further proceedings.

## I. BACKGROUND

Linder filed a complaint against four individuals associated with the Miami-Dade County Medical Examiner's Office. His complaint appeared to challenge an allegedly fraudulent blood test used at his criminal trial. In his complaint, Linder stated that he "notified the affected parties of a criminal conspiracy on the matter and requested notification in the form of a repudiation of the idea of an esoteric blood test taking place in the toxicology lab of the Miami-Dade Medical Examiner's Office of an eighteen year old youth named Phillip Conklin." R1-1 at 1. His complaint further refers to "a fraudulently amended trial transcript," id., and

---

[1] Though Linder does not cite 42 U.S.C. § 1983, he filed a "complaint for damages" in the district court, seeking relief from state actors for their actions in connection with a federal trial. As such, the district court properly found that Linder's complaint seeks relief under § 1983.

requests "exposure in open court" so that "the complaint can be resolved." Id. at 2.

In the district court, a magistrate judge found that Heck, 512 U.S. at 486-87, 114 S. Ct. at 2372, precluded Linder's § 1983 claim as long as he was currently subject to a criminal conviction, and in his Report and Recommendation ("R & R"), recommended that Linder's complaint be dismissed. Linder responded to the R & R by moving for "some form of subpoena or response order to the Miami-Dade Medical Examiner regarding the subject Phillip Conklin" and stating that the granting of the motion was "necessary to life, liberty, freedom, and to efficiently and correctly establish truthful facts." R1-4 at 1-2. The district judge reviewed the case, adopted the magistrate judge's R & R, and ordered the case dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. DISCUSSION

We review *de novo* a district court's *sua sponte* dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) of a prisoner's complaint, and view the allegations in the complaint as true. Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003). We have held that "[a] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the prisoner can prove no set of facts in support of his claim which would entitle him to relief." Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (per curiam) (citations omitted). "*Pro se*

3

pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citation omitted).

Under Heck, if a judgment for a § 1983 plaintiff "would necessarily imply the invalidity of his conviction or sentence[,] . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487, 114 S. Ct. at 2372. A prisoner's § 1983 action is not barred, however, where the action, "even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff . . . ." Heck, 512 U.S. at 487, 114 S. Ct. at 2372 (emphasis in original). For example, a prisoner is permitted to request DNA evidence that has been used at his trial under § 1983 because obtaining such evidence does not "necessarily demonstrate[] or even impl[y] that his conviction is invalid." Bradley v. Pryor, 305 F.3d 1287, 1290 (11th Cir. 2002). Conversely, a plaintiff seeking declaratory relief and damages based solely on the premise that he "was the victim of an unconstitutional conspiracy to falsely convict him" merely is attempting to overturn his conviction and is barred by Heck from proceeding. Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995) (per curiam) (involving action under Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971), which is

4

analogous to § 1983 for <u>Heck</u> purposes).

Liberally construing Linder's complaint, as we must, we discern that he challenges the use of certain evidence at his trial relating to a blood test, and seeks access to the medical laboratory's records in connection therewith. Though the language used in his complaint is somewhat muddled, Linder's appellate brief sheds further light on his claims, alleging that "a PowerPoint [] was plagiarized to create a fictional blood test result . . . ," <u>Br. of Appellant</u> at 1, and requesting "[t]he names of the two test subjects of the PowerPoint." <u>Id.</u> at 2. Unlike the plaintiff in <u>Abella</u>, 63 F.3d at 1065-66, Linder, by his complaint, does not attempt to overturn his conviction; rather, he seeks access to evidence. Here, as in <u>Bradley</u>, Linder "prevails in this lawsuit once he has access to that evidence or an accounting for its absence. Nothing in that result necessarily demonstrates or even implies that his conviction is invalid." <u>See</u> 305 F.3d at 1290; <u>see also</u> <u>Hughes</u>, 350 F.3d at 1160 (permitting § 1983 action alleging Fourth Amendment violation to proceed, because success would not necessarily imply that the plaintiff's conviction was invalid).

Moreover, and just as importantly, because the circumstances surrounding Linder's underlying conviction "are unknown from the record[,] [i]t was impossible . . . for the district court to determine that a successful § 1983 action . . .

5

necessarily implied the invalidity of th[at] conviction[]." See id. at 1161. (emphasis in original). Accordingly, the district court erred in holding that Linder's § 1983 claim is barred by Heck at this stage in the proceedings. See id.

### III. CONCLUSION

Because Linder's allegations, if successful, would not invalidate his conviction, Heck does not bar this action. Accordingly, we **REVERSE** the district court's dismissal, and **REMAND** for further proceedings.

6