[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-10785
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 29, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-14403-CV-JEM

DALE MICHAEL BARNES,

Plaintiff-Appellant,

versus

MARTIN COUNTY SHERIFF'S DEPARTMENT,
MARTIN COUNTY JAIL MEDICAL DEPARTMENT,
SHERIFF CROWDER,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 29, 2009)

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Dale Michael Barnes, a released prisoner proceeding pro se, appeals the

dismissal of his 42 U.S.C. § 1983 complaint alleging inadequate medical treatment,

for failure to state a claim upon which relief could be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). On appeal, Barnes argues that officials and employees of the Martin County Sheriff's Department and the Martin County Jail ("MCJ") and its Medical Department ("defendants") violated his civil rights by neglecting him and denying him proper and adequate medical care when they (1) treated him as though he was "mentally unstable" for over 90 days before ordering an x-ray and MRI of his knee; (2) diagnosed that his knee was fine when he actually suffered from a torn anterior cruciate ligament, a torn medial collateral ligament, and tissue damage; (3) delayed in performing x-rays and an MRI of his knee; (4) failed to give him proper medication to treat his high blood pressure; and (5) failed to have him treated by an orthopedic surgeon. After careful review, we affirm.

We review <u>de novo</u> a district court's dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, using the same standard that governs Fed. R. Civ. P. 12(b)(6) dismissals. <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997). Section 1915(e)(2)(B)(ii) states that, with regard to <u>in forma pauperis</u> proceedings, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A district court should not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that

2

the prisoner can prove no set of facts in support of his claim which would entitle him to relief." Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984). When a complaint is dismissed for failure to state a claim, we "must take as true its handwritten, pro se allegations." Estelle v. Gamble, 429 U.S. 97, 99 (1976). Pro se pleadings generally are held to less stringent standards than counseled briefs. Haines v. Kerner, 404 U.S. 519, 520 (1972).

The Eighth Amendment of the United States Constitution forbids "cruel and unusual punishments." U.S. Const. amend. VIII. The Supreme Court has interpreted the Eighth Amendment to include "deliberate indifference to serious medical needs of prisoners." Estelle, 429 U.S. at 104. Every claim by a prisoner that he has not received adequate medical treatment, however, does not state a violation of the Eighth Amendment. Id. at 105.

To prevail on a claim for inadequate medical treatment, a prisoner must satisfy an objective and a subjective requirement. Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000). He must show an "objectively serious deprivation" of medical care by demonstrating (1) "an objectively serious medical need . . . that, if left unattended, poses a substantial risk of serious harm," and (2) that the prison official's response "to that need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in

3

diagnosis or treatment, or even medical malpractice actionable under state law." Id. (quotations and citations omitted). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).

A prisoner must also show a prison official's subjective intent to punish by demonstrating that the official acted with deliberate indifference. Taylor, 221 F.3d at 1258. To satisfy this requirement, a prisoner can show the prison official's: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004). Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all. Id. Where an inmate receives medical treatment, but desires different modes of treatment, the care provided does not amount to deliberate indifference. Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985). A "complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle, 429 U.S. at 106.

4

Taking the allegations of the complaint as true, we conclude that the district court did not err in ruling that Barnes failed to state a claim upon which relief can be granted by failing to plead facts that establish deliberate indifference. As an initial matter, we recognize that Barnes likely has satisfied the first prong of the objective component of the Taylor analysis by showing his "serious medical need"; however, Barnes has failed to meet the second prong -- that the response of the defendants to his needs "was poor enough to constitute an unnecessary and wanton infliction of pain." Taylor, 221 F.3d at 1258. To the contrary, Barnes admits that the medical professionals at the MCJ met with him on multiple occasions over the course of approximately five months, from his first day at the MCJ in September 2007, until five to seven days before his release from the MCJ in February 2008. During this time, Barnes was prescribed medications, which were altered depending on his symptoms, and he was given crutches to allow him to walk more easily. The defendants also conducted a test to assess Barnes's kidneys and began administering kidney medications to him approximately one month later. The defendants responded to Barnes's medical needs, and the facts do not indicate that their response constituted an "unnecessary and wanton infliction of pain." Id. Although the defendants substituted an OTC heartburn medication for a heartburn medication that Barnes was prescribed, Barnes does not argue that he suffered any

pain from the change. Therefore, Barnes is unable to satisfy the objective component of the Taylor analysis. See id.

Similarly, Barnes is unable to satisfy the subjective component of the Taylor analysis because he has not shown that the defendants' response to his serious medical needs constituted deliberate indifference. Id. Barnes met with the defendants on multiple occasions to obtain treatment for his high blood pressure and injured knee, and he also met with the defendants on at least one occasion for a test of his kidneys. The defendants prescribed medications for Barnes and provided him with crutches. Such a series of meetings and prescription regimens do not indicate deliberate indifference. Likewise, Barnes's dissatisfaction with the defendants' substitution of OTC heartburn medication for his prescribed heartburn medication does not constitute deliberate indifference because the defendants were treating him. See Hamm, 774 F.2d at 1575.

Although Barnes contends that the delay in his receiving his kidney medication is actionable, Barnes complained to the defendants regarding this medication on October 20, 2007, and the defendants tested his kidneys on a date between November 1-11, 2007, and they began administering kidney medication to Barnes on December 11, 2007. Because the defendants responded to Barnes's

6

complaint regarding the medication by testing him and providing him with the appropriate medication, such conduct does not constitute deliberate indifference.

Nor did any delay in the x-ray and MRI of Barnes's knee violate his civil rights. While Barnes contends on appeal that the defendants treated him as though he was mentally unstable and waited over 90 days before ordering these tests, during the time of the treatment for mental illness, the defendants were also treating his knee. Indeed, Barnes alleged in his complaint that the defendants looked at his knee on the day he received the injury, November 8, 2007, and on November 9 and November 12, 2007. Moreover, a "medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment," and is, at most, "medical malpractice." Estelle, 429 U.S. at 107. Barnes cannot obtain relief under § 1983 for a medical malpractice claim. See id. at 106. In addition, the fact that the defendants eventually ordered the x-ray and MRI for Barnes indicates that they were not deliberately indifferent to his knee injury.

Further, to the extent Barnes argues that his civil rights were violated because he received "gross neglect of proper medical treatment," negligent medical care does not constitute a violation of the Eighth Amendment. Id. at 106. Notably, while Barnes shows that the defendants had "subjective knowledge" of his high blood pressure and knee injury, which have a "risk of serious harm," he fails to

show that they disregarded this risk, because they provided care for him. Brown, 387 F.3d at 1351. He also does not show that their conduct amounted to "more than mere negligence." Id. In short, he fails to satisfy the subjective component of the Taylor analysis because he has not shown that the defendants were deliberately indifferent to his serious medical needs. Taylor, 221 F.3d at 1258.

Finally, as for Barnes's claim that he should have received the care of an orthopedic surgeon, he is unable to establish that the response of the defendants to his knee injury constituted "an unnecessary and wanton infliction of pain." See id. He also does not show that they disregarded the risk that his knee injury would cause him because they provided him with pain medication and crutches. While he may have desired a different method of treatment, such a desire does not cause the medical treatment that he received to be inadequate and does not constitute deliberate indifference on the part of the defendants. See Hamm, 774 F.2d at 1575. This allegation therefore fails to satisfy the objective and subjective components of the Taylor analysis. See Taylor, 221 F.3d at 1258.

For these reasons, the district court did not err when it dismissed Barnes's complaint for failure to state a claim upon which relief can be granted. Accordingly, we affirm.

**AFFIRMED.**